Case 2:20-cv-00102   Document 7   Filed on 06/11/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 11, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROEL RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-102 |
| | § | |
| BUTCH HEAD, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Roel Rodriguez, is in the custody of the Federal Bureau of Prisons at Coastal Bend Detention Center in Robstown, Texas. He filed this *pro se* petition for writ of habeas corpus seeking to have his sentenced vacated. His petition was filed pursuant to 28 U.S.C. § 2241. For the reasons stated, it is respectfully recommended that Petitioner's cause of action be **DISMISSED** because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255.

**I.    JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 2241. *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001); 28 U.S.C. § 124(b)(6). Rule 1(b) and Rule 4 of the Rules Governing § 2254 Cases provide authority to summarily dismiss frivolous habeas petitions, including those filed under § 2241, upon preliminary review and prior to any answer or pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (It is the "duty of the court to screen out frivolous applications and eliminate the burden that

would be placed on the respondent by ordering an unnecessary answer.") (citation omitted).

## II.     BACKGROUND

On March 11, 2015, Petitioner was indicted in the Corpus Christi Division of the United States District Court for the Southern District of Texas in a drug trafficking case. *United States v. Roel Rodriguez, et al.*, No. 2:15-CR-00217-1 (S.D. Tex. filed Mar. 11, 2015).  Petitioner pleaded guilty to conspiracy to possess with the intent to distribute more than 1000 kilograms of marijuana (Count 1) and conspiracy to launder monetary instruments (Count 2). (D.E. 1 and D.E. 2, Pages 53-54). As part of the plea agreement, the Government agreed to recommend Petitioner receive a term of imprisonment with a sentence at the lowest end of the applicable guideline range and also that he receive maximum credit for his acceptance of responsibility. (D.E. 2, Page 54). The agreement further contained a waiver of Petitioner's right to appeal or to file a § 2255 motion. (D.E. 2, Page 54). Petitioner testified he voluntarily signed the agreement, understood it, and was not promised anything other than what was set out in the agreement. (D.E. 2, Page 54); *United States v. Rodriguez et al*, No. 2:15-CR-00217-1 (S.D. Tex. filed July 28, 2015) (Memorandum of Plea Agreement, D.E. 222). The Court then reviewed his waiver of appeal and § 2255 rights, and Petitioner stated that he had discussed the waiver with counsel and agreed to waive those rights. (D.E. 2, Page 54); *United States v. Rodriguez et al*, No. 2:15-CR-00217-1 (S.D. Tex. filed June 2, 2017) (Transcript, D.E. 452, Pages 2-3).

Senior United States District Judge John D. Rainey sentenced Petitioner to 120 months' imprisonment on each count to run concurrently. (D.E. 2, Page 55); *United States v. Rodriguez et al*, No. 2:15-CR-00217-1 (S.D. Tex. Oct. 24, 2016) (Judgment, D.E. 430). Petitioner did not appeal. (D.E. 2, Page 56). However, Petitioner did file a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C § 2255 on or about March 20, 2017 which was denied on January 25, 2018. (D.E. 2, Pages 52 and 56); *United States v. Rodriguez et al*, No. 2:15-CR-00217-1 (S.D. Tex. filed Jan. 25, 2018) (Final Judgment, D.E. 466). Petitioner then filed a motion with the United States Court of Appeals for the Fifth Circuit seeking permission to file a successive § 2255 motion and was denied on February 28, 2020. (D.E. 2, Pages 63-65). On April 29, 2020, Petitioner filed the pending case under 28 U.S.C. § 2241. (D.E. 1).

### III.   PETITIONER'S CLAIMS

Petitioner seeks to vacate the sentence imposed by challenging Judge Rainey's application of the United States Sentencing Commission Guidelines Manual in determining his sentence. (D.E. 1). Specifically, Petitioner challenges the increases in the offense level he received for having a leadership role and because firearms were possessed. (D.E. 1). Petitioner alleges ineffective assistance by counsel led him to plead guilty instead of proceeding to trial and arguing his innocence. Petitioner argues he is actually innocent of the leadership role and firearm enhancement and he should be allowed to pursue his habeas claim in the 28 U.S.C. § 2241 action because a § 2255 motion would be an inadequate or ineffective way to raise those claims.

IV.     **PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x 458, 458 (5th Cir. 2013); *United States v. Gabor*, 905 F.2d 76, 77-78 n. 2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id*. A § 2255 motion must be filed in the sentencing court. *Id*.; *Eckles v. Chandler*, 574 Fed. App'x 446, 446 (5th Cir. 2014). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner's pending habeas claims are based on the alleged incorrect application of the provisions of the federal sentencing guidelines. This represents a challenge to the enhancement of his sentence and is thus a challenge to the merits of the conviction. Because Petitioner's complaint relates to the merits of his conviction, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, Petitioner must challenge his sentence in the sentencing court through a § 2255 action, unless he qualifies for relief pursuant to § 2255's savings clause. 28. U.S.C. § 2255.

Petitioner may bring his claim pursuant to § 2241 by showing that § 2255 is inadequate or ineffective to test the legality of his conviction. *Reyes v. Requena*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). The savings clause provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e).

The savings clause of § 2255(e) applies to a claim that is based upon 1) a retroactively applicable Supreme Court decision that establishes that 2) Petitioner may have been convicted of a nonexistent offense and 3) that the complaint was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal or by his first § 2255 motion.  Under that set of circumstances, it can be fairly said that the remedy by a successive § 2255 motion is inadequate.  *Reyes*, 243 F.3d at 904.

Petitioner claims he cannot obtain relief by filing a § 2255 motion because such a motion would be barred by limitations and is second or successive. (D.E. 1, Pages 3-4). However, "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." *Tolliver*, 211 F.3d at 878. Further, the Fifth Circuit has consistently held that "§ 2255's savings clause makes clear that § 2241 is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent." *Reyes,* 243 F.3d 893 at 901.

Petitioner has not established he can meet the requirements of the savings clause to file a § 2241 petition. Furthermore, Petitioner has already filed an unsuccessful § 2255 petition. Additionally, Petitioner has also previously filed a motion for an order authorizing a successive § 2255 in the Fifth Circuit raising the same claims as addressed in this § 2241 petition, in addition to other claims, and was denied. (D.E. 2, Pages 63-65).[1] Therefore, it is recommended that Petitioner's habeas action be **DISMISSED** because he has not shown § 2255 is inadequate or ineffective to address his claims, which would allow him to bring this case pursuant to § 2241.

## V.     RECOMMENDATION

For the reasons stated, it is respectfully recommended that Petitioner's 28 U.S.C. § 2241 cause of action be **DISMISSED**.

ORDERED this 11th day of June, 2020.

_____
Jason B. Libby
United States Magistrate Judge

---

[1] To the extent petitioner seeks to raise a freestanding actual innocence claim, the United States Court of Appeals for the Fifth Circuit has stated it does not recognize such claims on federal habeas review and even if it did, Petitioner's claim would fail because he failed to present any new evidence to meet the actual innocent standard. (D.E. 2, Pages 63-65); *In re Swearingen*, 566 F.3d 344, 348 (5th Cir. 2009).

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).