Case 2:20-cv-00102   Document 14   Filed on 11/02/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROEL RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-102 |
| | § | |
| BUTCH HEAD, | § | |
| | § | |
| Respondent. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court for initial screening is Roel Rodriguez's 28 U.S.C. § 2241 petition.[1] Arguing that the evidence used against him was incompetent or inadmissible and that the law has changed, Petitioner claims that he is actually innocent of the offenses that were used to enhance his sentence. He also argues that he received ineffective assistance of counsel. D.E. 1. On June 11, 2020, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 7), recommending that this action be dismissed. The M&R analysis concludes that the relief requested is not available under § 2241 because it seeks to vacate Petitioner's federal conviction and therefore requires a motion under § 2255 directed to the Court of Appeals—a motion that carries requirements he does not meet.[2]  § 2244(a).

---

[1] *See* 28 U.S.C. §§ 2244(a) (observing finality of conviction unless § 2255 is satisfied), 2255(b) (providing for screening of habeas petition prior to ordering service on respondent); *see also*, D.E. 7, pp. 1-2 (authorities requiring screening).

[2] Petitioner acknowledges that he is not entitled to bring a § 2255 motion because it would be barred by limitations. § 2255(f). Alternatively, it would be second or successive and his prior second or successive petition was rejected. § 2255(h) (allowing claims based on retroactive changes in constitutional law and newly discovered, clear and convincing evidence supporting actual innocence); D.E. 1.

Petitioner sought to circumvent § 2255, arguing that it is inapplicable because it is "inadequate or ineffective" to provide the requested relief. § 2255(e) (providing an "escape hatch" where its provisions are "inadequate or ineffective"). Using that argument, he claims that his action may be brought in the first instance in this Court under § 2241. The Magistrate Judge disagreed and recommends dismissal of the petition.

Before the Court are Petitioner's objections (D.E. 12),[3] arguing that he is entitled to bring his claim under § 2241 because he is claiming actual innocence with respect to his sentence enhancements and seeks to apply an alleged change in constitutional law, which took place after his conviction. Such arguments are available under § 2255(h), but only if properly brought before, and approved by, the Court of Appeals.

Petitioner argues that he should be able to bring the claim under § 2241 because a claim of actual innocence preempts all procedural bars. D.E. 12, p. 1 (citing *House v. Bell*, 547 U.S. 518 (2006) and *Schlup v. Delo*, 513 U.S. 298 (1995)). The cases on which he relies do not announce such a broad rule. Rather, *House* held that the claim of actual innocence must be compelling. And the only relief from procedural bars was from the otherwise applicable federal deference to state procedural defaults that render state court decisions final. *House*, 547 U.S. at 521-22. Petitioner here was not convicted in state court and no such state procedural defaults are at issue. The decision in *Schlup*, which also involved a state court conviction, was superseded by the Antiterrorism and Effective Death Penalty Act (AEDPA) limitations on the availability of habeas corpus relief. *E.g.*,

---

[3] Petitioner filed two nearly identical documents as his objections. D.E. 11, 12. The second notes the appropriate cause number and is accompanied by different exhibits. The Court will refer to the second set of objections and will consider both sets of exhibits.

*Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1359 (11th Cir. 2007).  This Court applies the requirements of AEDPA.

As the M&R observes, "[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective."  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (collecting cases).  Rather, the § 2255(e) savings clause is triggered if a retroactive change in the interpretation of statutory law indicates that the petitioner was convicted of a now nonexistent offense.  *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001).  In such cases, § 2255(h) is ineffective because it applies only to changes in constitutional, not statutory, law.  *Id.*  Petitioner relies primarily on *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).  *Alaimalo* is a case like *Reyes-Requena* in which a post-conviction statutory construction rendered the petitioner's conduct incapable of guilt under the statute on which the conviction was based.

Petitioner argues that he falls under the *Reyes-Requena/Alaimalo* rule.  He observes that a post-conviction United States Supreme Court case held that a residual clause requiring greater punishments related to violent offenses was unconstitutionally vague when using a categorical approach to determine what constitutes a violent offense.  *Johnson v. United States*, 576 U.S. 591, 597 (2015).  Without addressing the merits of this argument, the Court notes that *Johnson* was decided nearly two years before Petitioner filed his § 2255 motion to vacate, set aside, or correct his sentence.  D.E. 2, pp. 52, 56.

The fact that the timeline defeats his use of the § 2255(e) escape hatch is described in a case on which Petitioner relies: "A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed ***after his first 2255 motion***." *In re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998) (emphasis added). If the change in the law that began in 2015 with *Johnson* entitled Petitioner to relief, it did so prior to Petitioner's first § 2255 motion filed in 2017. Therefore, § 2255 provided an adequate remedy and the § 2241 petition is improper. The Court **OVERRULES** Petitioner's objections.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Petitioner's 28 U.S.C. § 2241 cause of action is **DISMISSED**.

ORDERED this 2nd day of November, 2020.

                                                             NELVA GONZALES RAMOS
                                                             UNITED STATES DISTRICT JUDGE